UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRADLEY LAURENT,<br>　　　　Plaintiff, | :<br>:<br>: | |
| v. | : | C.A. No. 25-185MRD |
| WAL-MART STORE EAST, LP, et al.,<br>　　　　Defendants. | :<br>:<br>: | |

### ORDER GRANTING IN PART MOTION FOR
### EXTENSION OF TIME TO COMPLETE SERVICE

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is Plaintiff's motion to extend time to serve and to order service by the U.S. Marshals Service (ECF No. 32). Alleging good cause pursuant to Fed. R. Civ. P. 4(m) because he suffers from homelessness and medical issues including post-concussive syndrome, *pro se* Plaintiff Bradley Laurent asks the Court to extend his time to serve summonses on two named persons and one entity by another ninety days and asks that such service must be conducted at public expense by the U.S. Marshals Service.

Regarding Plaintiff's request for additional time to serve, the Court finds that Plaintiff's purported "good cause" fails to explain why he has taken no steps to serve since the Rule 16 conference held on October 15, 2025, when the issues with service were identified and discussed. Nevertheless, mindful of Plaintiff's *pro se* status,[1] the Court grants a limited extension of sixty days to complete service and joinder of parties. The new deadline for service

---

[1] See Thicc Boy Prods., Inc. v. Swindelles, C.A. No. 122-CV-00090-MSM-PAS, 2023 WL 3646040, at *3 (D.R.I. Feb. 15, 2023) (court must be mindful of the special leniency extended to a *pro se* litigant).

and joinder of any new parties is February 12, 2026. No further extensions will be granted. To the extent that Plaintiff's motion requested ninety days, it is denied.

Plaintiff also asks that service be made on Melissa White, American Current Care and P.A. Mladen Kolovrat by the U.S. Marshals Service at public expense by serving the counsel of record in this case already entered for a related party. This aspect of the motion is denied for the following reasons.

Regarding service on Melissa White, Plaintiff has already been afforded one attempt at in-person service at public expense at an address in Kentucky. Further, counsel of record for Defendant Wal-Mart advised during the Rule 16 conference (see also Answer, ECF 12 at 1 n.1) that they are not authorized to accept service so that the public expense of service on the attorneys as Plaintiff now requests would be futile. Until Plaintiff performs further investigation of where Melissa White is located (including by inquiry of counsel of record and/or through the use of discovery), the Court will not order more public funds to be expended.

Regarding service on American Current Care, based on the service already completed by the U.S. Marshals, an Answer has been filed on behalf of "Concentra Urgent Care, American Current Care, P.A." (albeit in a pleading that states Plaintiff is misnaming these entities, Answer, ECF 23 at 1 n.1). Accordingly, the public expense of service on these attorneys again would be futile.

Regarding service on P.A. Mladen Kolovrat, counsel of record for Defendant Concerta Urgent Care, American Current Care, P.A., advised in the Answer, ECF 23 at 1 n.2 that they may represent him if he is served. Until Plaintiff performs further investigation of where P.A. Mladen Kolovrat is located and how he may be served (including by inquiry of counsel of record and/or through the use of discovery), the Court will not order more public funds to be expended.

Based on the foregoing, the Court hereby grants in part and denies in part Plaintiff's motion to extend time to serve and denies Plaintiff's motion to order service by U.S. Marshals Service (ECF No. 32).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 15, 2025