UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BRADLEY LAURENT,                             :
           Plaintiff,                :
                                          :
    v.                                      :    C.A. No. 25-185-MRD
                                          :
WAL-MART STORES EAST, LP, et al.,            :
           Defendants.               :

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND
DENYING MOTION TO COMPEL**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of a named-but-not-yet-served putative Defendant, Mr. Mladen Kolovrat, for a protective order pursuant to Fed. R. Civ. P. 26(c)-(d) to clarify his obligations with respect to discovery, including discovery propounded directly to him, despite his claimed status as a named-but-never-served defendant as set forth in his pending motion to dismiss. ECF No. 51. Also pending before the Court is the motion of Plaintiff Bradley Laurent to compel Mr. Kolovrat to comply with the propounded discovery. ECF No. 54. Counsel for Mr. Kolovrat has made the motion for protective order based on an expressly limited appearance to avoid waiver of the defense of failure to serve and is also seeking dismissal of this action against Mr. Kolovrat because the Court lacks jurisdiction over an unserved defendant.

Before a party is deemed joined in a case, the procedural requirements of service of process must be satisfied. Perry v. Smith, Civil Action No. 12-40033-TSH, 2013 WL 1000741, at *1-2 (D. Mass. Mar. 12, 2013). The Court has twice extended Plaintiff's time to serve Mr. Kolovrat, first based on the discussion at the Rule 16 conference and then in response to Plaintiff's motion for more time. Laurent v. Wal-Mart Store East, LP, C.A. No. 25-185MRD, 2025 WL 3634109, at *1-2 (D.R.I. Dec. 15, 2025) (setting service deadline as February 12, 2026,

and ruling that "[n]o further extensions will be granted").  Despite shouldering the burden to establish proper service, Plaintiff has failed to present any evidence that Mr. Kolovrat has been served.  See Perry, 2013 WL 1000741, at *2 (it is plaintiff who has "the burden of proving proper service") (internal quotation marks omitted).  Mr. Kolovrat's awareness of this case is not a substitute for proper joinder by compliance with the procedural requirements of service.  Further, Mr. Kolovrat's attorney's limited appearance is appropriate and consistent with the non-waiver of this defense.  See Ferreira v. Corsini, Civil Action No. 13-12863-IT, 2016 WL 11372329, at *5 (D. Mass. Aug. 11, 2016) (by making expressly limited appearance, unserved defendants did not waive service and motion to dismiss held to be well taken), adopted, Civil Action No. 13-cv-12863-IT, 2016 WL 4820612 (D. Mass. Sept. 14, 2016).

It is clear to the Court that Mr. Kolovrat's request for a protective order is well founded, particularly in this case, in which Plaintiff has already improperly attempted to pursue party discovery from other persons who are no longer defendants in this case.  See Text Order of May 12, 2026.  Without the protection he seeks, Mr. Kolovrat could be seriously prejudiced by being required to respond to party discovery in a case in which he is not joined, to litigate the scope of the pending discovery and to face the dilemma of what to do while not knowing what will happen with his pending motion to dismiss.

Based on the foregoing, Mr. Kolovrat's motion for protective order (ECF No. 51) is granted to the extent that the Court finds that he is not presently required to participate in any party discovery unless and until the Court denies the pending motion to dismiss this case as to him.  The Court further holds that, in the event of subsequent joinder, Mr. Kolovrat has not waived his right to participate in party discovery in an orderly fashion or to supplement his

objections and responses.  Based on the same analysis, Plaintiff's motion (ECF No. 54) to

compel Mr. Kolovrat to respond to the presently pending discovery is denied without prejudice.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 13, 2026