UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BRADLEY LAURENT,                          :
          Plaintiff,                       :
                                 :
          v.                               :        C.A. No. 25-185-MRD
                                 :
WAL-MART STORES EAST, LP, et al.,         :
          Defendants.                      :

**ORDER DENYING MOTION TO COMPEL AS TO
WAL-MART AND MELISSA WHITE**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of *pro se* Plaintiff Bradley Laurent to compel discovery from Defendant Wal-Mart Stores East, LP and from a named-but-not-served putative defendant, Ms. Melissa White.  ECF No. 57.  Plaintiff also seeks an award of his attorney's fees (although he is *pro se* and has no attorney) and costs.  Id. at 3-4.

As to the unserved individual, Ms. White, Plaintiff's motion is denied for the same reasons the Court denied his motions to compel production of party discovery from other persons who are not parties in this case.  See ECF No. 60; Text Order of May 12, 2026.  The Court notes that it has previously addressed Plaintiff's failure to serve Ms. White.  Laurent v. Wal-Mart Store E., LP, C.A. No. 25-185MRD, 2025 WL 3634109, at *1 (D.R.I. Dec. 15, 2025) (based on Plaintiff's lack of diligence, court declines to order more public funds to be expended on attempt to locate and serve Ms. White).  Further, the time to serve and join parties like Ms. White pursuant to the Pretrial Scheduling Order, as extended by the Court's Order of December 15, 2025, is now long past.  See ECF Nos. 30, 36.  Ms. White's motion to dismiss, filed by attorneys who have appropriately made a limited appearance on her behalf, is currently pending.  ECF No. 45.  The Court cautions Plaintiff that his motion is deemed frivolous to the extent that he seeks to

compel a non-party like Ms. White to respond to party discovery and to the extent that he has asked the Court to award him attorney's fees (despite his *pro se* status) to be paid by a person who is not a party in this case.

As to Defendant Wal-Mart, the Court is satisfied that, due to Plaintiff's failure to comply with the Pretrial Scheduling Order (ECF No. 30), the motion must be denied without prejudice to bringing an appropriately specific motion that accurately reflects what was requested and what was produced, which motion may not be filed until Plaintiff has complied with the Order's requirement that a party must seek (and participate in, if the Court so determines) an informal discovery dispute conference before a motion to compel may be filed.[1]  The motion is also denied as premature because the Court is satisfied that many of the documents and much of the information that Plaintiff's motion purports to compel have already been provided to him, as well as that the balance will be provided as soon as the Protective Order (discussed *infra*) is entered.[2]  The Court cautions Plaintiff that, while he is *pro se*, he nevertheless owes a duty of candor to the Court in all of his written filings.  See Fed. R. Civ. P. 11(b).  Based on the briefing presented to the Court by the parties in connection with this motion, the Court finds that

---

[1] The Court notes that this requirement also applies to Defendant Wal-Mart's concerns about production of Plaintiff's actual medical records (not AI generated summaries) directly from the providers to the parties to avoid concerns about AI manipulation or cherry-picking.  Similarly, the meet and confer requirement applies to Defendant Wal-Mart's concerns that its discovery requests were improperly edited using an AI tool and that Plaintiff has responded not to Defendant Wal-Mart's discovery requests, but to the AI-altered versions.

[2] One potential loose end: Plaintiff's motion claims *inter alia* that Defendant Wal-Mart failed to respond to his Requests to Admit Nos. 9 and 13.  ECF No. 57 at 3.  Defendant Wal-Mart's timely response to all of Plaintiff's Requests to Admit is attached to its opposition (ECF No. 64-8) and reveals that Plaintiff's assertion is false in that Defendant Wal-Mart timely responded to both.  Apart from its serious concern about Plaintiff's false filing, the Court need not address Request to Admit No. 9 further in that it was admitted.  However, because Wal-Mart's response to Request to Admit No. 13 was more nuanced, the Court rules that it is satisfied that Defendant Wal-Mart's response to Request to Admit No. 13 is adequate and consistent with applicable law.  Therefore, to the extent that Plaintiff's motion seeks an Order deeming it admitted based on the inadequacy of the actual content of the response, the motion is denied.

2

Plaintiff's written motion seems disingenuous to the extent that Plaintiff complains of the failure to provide discovery as to documents and information that he has already received.

A coda: it appears from Plaintiff's reply and the attached "Affidavit of Compliance" (ECF No. 67-5) that he does not object to entry of the Confidentiality Agreement & Stipulation proposed by Defendant Wal-Mart (ECF No. 64-4) as a Protective Order issued by the Court to protect the small set of confidential materials (apparently 43 pages) Wal-Mart has not yet produced because of confidentiality. See ECF No. 64 at 7. Further, Plaintiff has now clarified that he does not seek the ability to upload confidential data into an open AI tool (which would expose the confidential material to public use). ECF No. 67 at 2. Accordingly, the Court suggests that Defendant Wal-Mart move for entry of the Confidentiality Agreement & Stipulation as a Court-issued Protective Order and Plaintiff can file his assent, objection or nothing in response to such motion as he chooses. The Court will then enter the Protective Order or not as it deems appropriate.

Based on the foregoing, Plaintiff's motion to compel (ECF No. 57) Defendant Wal-Mart is denied without prejudice and Plaintiff's motion to compel non-party Ms. White is denied with prejudice. The Court declines Defendant Wal-Mart's invitation to impose sanctions at this time for Plaintiff's conduct in bringing a motion that is partly frivolous and partly in violation of his duty of candor; however, the Court cautions Plaintiff that his conduct in bringing this motion may be considered in connection with a future motion for sanctions.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 19, 2026