UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BRADLEY LAURENT,                          :
          Plaintiff,                      :
                                 :
        v.                              :         C.A. No. 25-185-MRD
                                 :
WAL-MART STORES EAST, LP, et al.,         :
          Defendants.                     :

**ORDER DENYING MOTION FOR SANCTIONS**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of Plaintiff Bradley Laurent for "sanctions against Defendants who have asserted that they were not properly served." ECF No. 56 at 1. While the motion does not name the "Defendants" whom the motion targets, the Court believes Plaintiff means the not-served non-defendants, Ms. Melissa White and Mr. (improperly named as Dr.) Mladen Kolovrat, and the allegedly not-properly named-and-served Defendant, American Current Care, P.A. d/b/a Concentra Urgent Care. Motions to dismiss each of these persons/entities are pending before the Court based on their non-joinder and/or naming as the wrong entity. ECF Nos. 41, 45, 49. Because Plaintiff's motion for sanctions is vague regarding which are the accused "Defendants," the Defendant (Wal-Mart Stores East, LP) that has been served and joined has incurred the expense of filing an opposition to the sanctions motion. ECF No. 61.

It seems that the sanctionable conduct of which Plaintiff complains is the filing of the three pending motions to dismiss; the filing of meritorious oppositions to Plaintiff's motions to compel,[1] which oppositions have been sustained in that Plaintiff's motions to compel are all

---

[1] In denying one of Plaintiff's motions to compel, ECF No. 57, the Court has made the findings that it was at least partly frivolous and disingenuous. See ECF No. 68.

denied; and (as to Mr. Kolovrat) the filing of a meritorious motion for a protective order, which motion the Court has granted.  Having considered and ruled on the motions to compel and for a protective order, the Court finds that none of "Defendants[']" filings in regard to them amounts to sanctionable conduct.  As to the motions to dismiss that are still pending, Plaintiff's complaint appears to focus on the movants' use of the well accepted practice of a limited appearance by counsel to avoid waiver of the defense of non-joinder; this Court has already found that proceeding by limited appearance is appropriate in the circumstances of this case.  See ECF No. 60 at 2.

Because Plaintiff has presented the Court with nothing that conceivably amounts to sanctionable conduct, Plaintiff's motion for sanctions is denied as baseless and frivolous.  And because Plaintiff has failed to identify any potentially sanctionable conduct, the Court has not addressed Plaintiff's conceded failure to comply with Fed. R. Civ. P. 11(b)(2)[2] and his disregard of the informal discovery dispute conference requirement in the Pretrial Scheduling Order (ECF No. 30).  Plaintiff is cautioned that, if he continues to make such filings, his conduct itself could result in sanctions against him, including that the Court can proceed *sua sponte*.  Fed. R. Civ. P. 11(c)(3).  For now, mindful of Plaintiff's *pro se* status, the Court stays its hand.

Based on the foregoing, Plaintiff's motion for sanctions (ECF No. 56) is denied.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 21, 2026

---

[2] The Court notes that Plaintiff's reply purports to withdraw his motion for sanctions as to Mr. Kolovrat (but not as to any of the other "Defendants").  ECF No. 65.  However, Plaintiff limited the withdrawal by specifying that it was triggered by his admitted failure to comply with Fed. R. Civ. P. 11; that is, Plaintiff did not withdraw the motion's accusation of sanctionable conduct.  To avoid ambiguity due to Plaintiff's purported withdrawal of the motion, the Court has specifically found that Plaintiff has failed to identify any sanctionable conduct committed by Mr. Kolovrat, as well as that no sanctionable conduct was committed by any of the other accused "Defendants."